UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GEORGE HALKIAS, on behalf of himself
and all others similarly situated,

                Plaintiff,                              Case No. 15 Civ. 6397 (JPO)

        v.

184 3RD AVENUE RESTAURANT CORP.
d/b/a GRAMERCY CAFÉ, and ELIAS
NEOFOTISTOS,

                Defendants.
-------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

      WHEREAS, George Halkias (hereinafter, "Plaintiff") commenced an action against 184 3rd Avenue Restaurant Corp. and Elias Neofotistos (each singularly hereinafter referred to as "Defendant," and collectively hereinafter referred to as "Defendants") on or about August 13, 2015, in the United States District Court for the Southern District of New York (hereinafter, the "Court"), presently bearing Case Number 15-CV-6397 (JPO) (hereinafter, the "Action") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and related regulations;

      WHEREAS, Defendants filed their Answer on or about September 28, 2015, denying Plaintiff's allegations, and have contended that Plaintiff's allegations are unfounded and lack merit;

      WHEREAS, Plaintiff and Defendants (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred to as "Parties") desire to fully and finally resolve and settle in full all wage and hour claims that any Plaintiff has, had, or may have against any other, by way of this Settlement and Release Agreement ("Agreement");

      WHEREAS, Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action have negotiated in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's respective claims, Defendants' respective defenses, and the *bona fide* dispute between the Parties;

      NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1

1. **Payment**

In lieu of incurring further litigation costs associated with defending the Action and in consideration for Plaintiff's execution of this Agreement, Defendants agree to the following payment terms:

   (a)   Defendants shall cause Plaintiff and his attorneys to be paid the total sum of EIGHTEEN THOUSAND DOLLARS ($18,000.00) (the "Settlement Sum") by the later of January 4, 2016 or seven (7) days following dismissal of the Action. The Settlement Sum shall be paid as follows:

   1. A check or checks in the gross amount of $11,471.27 payable to George Halkias, one-half of which shall represent lost wages and be reported on an IRS Form W-2 and subject to applicable withholdings, and one-half of which shall represent liquidated damages, interest, and penalties and shall be reported on an IRS Form 1099 form.

   2. A check for $6,528.73 payable to Joseph & Kirschenbaum LLP for attorneys' fees and costs.

   (b)   All settlement checks shall be delivered to Denise Schulman, Esq., Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, NY 10004.

   (c)   Defendants shall issue a Form 1099 to Joseph & Kirschenbaum LLP, which shall be solely responsible for any taxes owed on the sum it receives under this Agreement.

   (d)   Defendants shall issue a Form W-2 and a Form 1099 to Plaintiff for the applicable sums he receives under this Agreement.

   (e)   Defendants shall pay the employer's share of the FICA tax and any federal and state unemployment tax due that are traditionally borne by employers with respect to the amounts treated as wages paid to Plaintiff pursuant to Sections 1(a)(1).

2. **Release**

In consideration of the payments, benefits, agreements and other consideration to be provided by Defendants as described in the Agreement, Plaintiff, for himself and for his heirs, executors, administrators and their respective successors and assigns, **HEREBY RELEASES AND FOREVER DISCHARGES**, to the maximum extent permitted by law, the Defendants, any insurers of the Defendants, and the Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns of and from any and all wage and hour and/or notice claims that were and/or could have been brought in this Action ("Released Claims"), including but not limited to any federal or state claims, as well as specifically including FLSA and New York State minimum wage violations, FLSA and New York State

overtime violations, New York State spread of hours violations, and New York State notice requirements.

3.   **Non-Admission**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

4.   **Attorneys' Fees**

Plaintiff and Defendants expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party except as noted herein.

5.   **Acknowledgment**

Plaintiff acknowledges that he is receiving consideration under this agreement which he is not otherwise entitled to. Plaintiff acknowledges that he was represented by counsel of his own choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that he had sufficient opportunity to consider this Agreement; that he read this Agreement fully and carefully and understand its terms; and that he is signing it knowingly and voluntarily.

6.   **Oral Modifications Prohibited**

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to the Action. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

7.   **Choice of Law**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

8.   **Stipulation of Dismissal and Settlement Approval**

Upon execution of this Agreement, Plaintiff shall submit the Agreement together with the Stipulation of Dismissal annexed hereto as Exhibit 1 to the Court for approval.

9.   **Effective Date**

This Agreement shall become effective immediately upon execution.

10. **Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

11. **Facsimile and Email Signatures.**

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

12. **Severability.**

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

**PLAINTIFF:**

_George Halkias_
George Halkias
Date: Dec 16, 15

**DEFENDANTS:**

_[signature]_
Elias Neofotistos, Individually
Date: Dec-29-15

_[signature]_
184 3rd Avenue Restaurant Corp.
By: ELIAS NEOFOTISTOS
Date: 12-27-15

4

EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
GEORGE HALKIAS, on behalf of himself
and all others similarly situated,

        Plaintiff,                           Case No. 15 Civ. 6397

     v.

184 3RD AVENUE RESTAURANT CORP.
d/b/a GRAMERCY CAFÉ, and ELIAS
NEOFOTISTOS,

        Defendants.
--------------------------------------------------------------X

## STIPULATION AND ORDER OF DISMISSAL

IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed with prejudice, without costs to any party against any other. This Stipulation may be filed with the Court without further notice to any party.

Dated: New York, New York
       December ___, 2015

| For the Plaintiff: | For the Defendants: |
|---|---|
| JOSEPH & KIRSCHENBAUM | LAW OFFICE OF A. KOUTSOUDAKIS, PLLC |
| By:_____ | By:_____ |
| Denise A. Schulman | Andreas Koutsoudakis, Esq. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 32 Broadway, Suite 601 | 51 Shiloh Street |
| New York, New York 10004 | Staten Island, NY 10314 |

                                                      So Ordered

                                                      _____
                                                      Hon. J. Paul Oetken (U.S.D.J.)